JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:23-cv-10216-AB-AGR | Date: | January 29, 2024 |
|---|---|---|---|

Title: *Ramon Dent v. California TD Specialists et al*

Present: The Honorable  **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    [In Chambers] ORDER <u>DISMISSING</u> ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff Ramon Dent ("Plaintiff") filed a Complaint against various defendants for quiet title, wrongful foreclosure, fraud in the concealment, intentional infliction of emotional distress, and rescission, in connection with real property located in Los Angeles. *See* Compl. (Dkt. No. 1). It appears that Plaintiff wishes to challenge a Trustee's Sale, and perhaps attempted to do so without success in Superior Court. The Complaint's jurisdictional allegation states: "[t]his Court has jurisdiction over this matter because the amount in question exceeds the jurisdictional minimum $25,000.00 for this Court." *See* Compl. ¶ 13.

On January 4, 2024, the Court issued to Plaintiff an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. OSC (Dkt. No. 30). The Court observed that Plaintiff did not allege any federal claims so federal question jurisdiction did not appear to exist, and that Plaintiff did not

allege the facts necessary to establish diversity jurisdiction, which seemed unlikely to exist since Plaintiff and at least one defendant appear to be California citizens.

On January 18, 2024, Plaintiff filed a Response to the OSC. Response (Dkt. No. 32). The Response does not establish this Court's subject matter jurisdiction. The Response purported to dismiss defendant Peer Street Funding LLC, whose bankruptcy filing automatically stayed the case.[1] But the Response does not address the jurisdictional problems the Court's OSC raised. The Response states "continued violations by Respondents of the US Constitutional Law, Federal Statutory Law, and all Treaty(s)" establish federal question jurisdiction, Response p. 2, but the Complaint states no such claims, and the facts alleged could not state any such claims. The Response is otherwise non-responsive to the jurisdictional issue. The Court does note that the Complaint identifies "the united states of America," "Internal Revenue Service," "Security Exchange Commission," and "Department of Justice" as "real parties of interest," *see* Compl. ¶¶ 5-9, but these allegations are wholly insubstantial and frivolous, and cannot support the Court's exercise of jurisdiction in this case.

For the foregoing reasons, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk's Office is **ORDERED** to close the case.

**IT IS SO ORDERED**.

---

[1] In its Order, the Court excepted the jurisdictional question from the stay.